Dear Mr. Kennedy,
This office is in receipt of your opinion request of May 8, 2006, wherein you essentially posed the following question:
Is a juvenile who is charged with a misdemeanor grade delinquent act, in particular a simple battery arising from a school fight, entitled to appointment of counsel, either by a recent federal consent decree or otherwise as a matter of law?
Although no federal consent judgment exists detailing the requirement of counsel for accused juveniles[1], the United States Supreme Court, as well as the Louisiana Children's Code, mandates such a requirement.
The United States Supreme Court, in Application of Gault, held that where a youth is faced with a proceeding which may result in his incarceration, the right to counsel must be respected, 87 S.Ct. 1428
(1967). The crime of simple battery (La. R.S. 14:35) allows for imprisonment for up to six months, and, therefore, would fall under the directives of Gault.
Furthermore, Louisiana Children's Code article 809 states that "at every stage of proceedings under this Title, the accused child shall be entitled to counsel." This article further provides that "if the court finds that the parents of the child are financially unable to afford counsel for the child, the court shall appoint a counsel, or refer the child for representation by the indigent defender board." Louisiana Children's Code article 810 allows a child to waive assistance of counsel if the court determines the following: 1) the child has consulted with an attorney or other adult interested in the child's welfare, 2) that both the child and the adult *Page 2 
advisor have been instructed by the court about the child's rights and the possible consequence of waiver, and 3) that the child is voluntarily waiving his right to counsel. Simple battery, as a misdemeanor-grade delinquent act that carries with it the possibility of incarceration, falls squarely under the directives of article 809 and 810. Thus, under the provisions of the Louisiana Children's Code, absent a valid waiver of counsel, attorney representation is required for juveniles accused of misdemeanor-grade delinquent acts, particularly a simple battery arising from school fights.
We hope that this sufficiently answers your question, but if we can be of further assistance, please do not hesitate to contact us.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL Attorney General
 By: __________________________ DAVID CALDWELL Assistant Attorney General
 JDC/rmg
[1] The federal consent decree to which you were probably referring arose from Williams v. Mckeithen, Civ. No 71-98-B (W. .D.La. 2000). This decree ascribes to juveniles incarcerated in youth facilities several rights governing access to counsel while incarcerated, including rights to writing implements and counsel visits, but does not touch upon when and how counsel should be appointed in juvenile cases.